NOT DESIGNATED FOR PUBLICATION

No. 122,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONSHAI L. COPRIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 4, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant county attorney, *Marc Bennett*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Donshai L. Copridge appeals the revocation of his probation and imposition of the underlying 72-month sentence for his convictions of possession of marijuana and drug paraphernalia with intent to distribute. On appeal, he argues the district court abused its discretion because no reasonable person would have revoked his probation and imposed the underlying sentence. We disagree and affirm the district court's ruling.

1

In May 2017, Copridge pleaded guilty to one count each of felony possession of marijuana with intent to distribute, and one count of felony possession of drug paraphernalia with intent to distribute or manufacture. Under the plea, the State agreed to recommend a dispositional departure from presumptive prison to probation. The district court accepted the plea and in June 2017 sentenced Copridge to an underlying prison sentence of 72 months but released him on probation for a period of 36 months consistent with the plea agreement.

Almost two years later, the State filed a probation violation warrant alleging that Copridge failed to complete his GED program as a condition of probation and violated the law by committing battery and destruction of property. He stipulated to the violation at a hearing and the court imposed a two-day jail sanction with credit for time served.

A few months after that, the State filed a second probation violation warrant alleging that Copridge committed the crimes of unlawful distribution of a controlled substance and unlawful use of a communication facility in committing a felony in Sedgwick County case No. 19CR1918. A month later, the State filed a third probation violation warrant alleging that Copridge committed the crime of resisting or obstructing arrest and he was at a bar in violation of his probation.

In January 2020, Copridge entered a guilty plea in case No. 19CR1918 to one count of distribution of marijuana. The district court conducted a joint hearing in March 2020 on the probation violations and sentencing in 19CR1918. After Copridge stipulated to the violations, the court sentenced Copridge to a controlling sentence of 37 months in 19CR1918, and then revoked probation in the current case. As for the probation revocation, the court found that intermediate sanctions were not required because

Copridge had committed a new crime while on probation and because his original sentence resulted from a dispositional departure.

Copridge timely appealed.

ANALYSIS

Copridge argues the district court abused its discretion when it revoked his probation and imposed his prison sentence, thus warranting reversal. Copridge contends no reasonable person would agree with the court's decision to revoke his probation because his crimes were all nonviolent drug offenses, and because he had succeeded in completing the terms of his probation for nearly two years before his recent struggles.

*The standard of review is abuse of discretion.*

Because Copridge stipulated to violating his probation, the only question before this court is whether the district court correctly determined that revocation was warranted rather than reinstatement of probation or the imposition of intermediate sanctions. An appellate court reviews a district court's decision to revoke an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Unless the district court has made a legal or factual error, an appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*The district court did not abuse its discretion in revoking Copridge's probation and ordering him to serve the balance of his term in prison.*

Because Copridge committed his original crimes in 2016, the district court was limited to the probation revocation scheme in effect at that time. And as he acknowledges, under K.S.A. 2015 Supp. 22-3716(c)(8) a court can revoke probation and impose the underlying sentence without having previously imposed an intermediate sanction "[i]f the offender commits a new felony or misdemeanor . . . while the offender is on probation." So the district court had the authority here to bypass any intermediate sanctions that would normally be required.

We pause to note that the district court also made a finding that it was not required to first impose intermediate sanctions because it had originally granted a dispositional departure in this case. That exception, currently found at K.S.A. 2020 Supp. 22-3716(c)(7)(B), allows a court to revoke probation without intermediate sanctions if probation "was originally granted as the result of a dispositional departure." Although Copridge does not challenge this aspect of the court's decision, the court could not rely on the dispositional departure exception because it became effective after he committed his original crimes of conviction in 2016. See *Coleman*, 311 Kan. at 337 (holding dispositional departure exception enacted in 2017 "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017").

That said, Copridge argues that the district court abused its discretion in relying mainly on the new crime exception to revoke his probation. He asserts that he did well on probation for two years; he had an impressive work history; and his employer was even willing to rehire him even though he had been in jail for six months simply awaiting a hearing on the current probation violation. He noted he was only one credit short of obtaining his GED. He relies on *State v. Favela*, 259 Kan. 215, 233, 911 P.2d 792 (1996)—a case interpreting factors to consider in ruling on a departure motion—in

4

support of his argument that "'[p]rison space should be reserved for serious/violent offenders'" and that "'[t]he degree of sanctions imposed should be based on the harm inflicted.'" 259 Kan. at 233.

We agree with Copridge that just because a district court can impose Copridge's full prison sentence under these circumstances, does not conclusively establish that it must or should. The court must consider all the circumstances. But based on a review of the record, we find nothing unreasonable about the district court's decision. The court credited Copridge for only having one probation violation before his current violations, saying, "normally, that would bode pretty well for someone in [his] situation." Yet the court found it significant that he pleaded guilty to distribution of marijuana while he was on probation in the current case for essentially the same offense. Moreover, his most recent conviction was his third such offense. The court adjudicated him guilty of possession of marijuana with intent to distribute as a juvenile six years before the charges in the current case. It was not unreasonable for the court to conclude that revocation was appropriate because Copridge's actions showed he was not learning his lesson by continuing to commit the same crime over again. Put another way, Copridge has failed to establish that no reasonable person would have revoked his probation and imposed the underlying sentence.

For these reasons, we find that the district court did not abuse its discretion in revoking Copridge's probation and ordering him to serve the balance of this sentence in prison.

Affirmed.